IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| CHRISTOPHER JASON SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 318-082 |
| | ) |
| DEPARTMENT OF CORRECTIONS; WARDEN CALDWELL; GIBBONS, Deputy Warden of Security; FRANKLIN, Deputy Warden of Care and Treatment; CAPTAIN DUDLEY; BILLY WICKER, Librarian; MRS. WICKER, Business Office; MS. IRWIN, Business Office; MS. CARSWELL, Postal Clerk; JOHN OR JANE DOE, Grievance Coordinator; COUNSELOR WHITE; JOHN AND JANE DOE, Counselors; CERT OFFICER SCOTT; OFFICER TAYLOR; COUNSELOR DUCKWORTH; COUNSELOR BROWN; and OFFICER BURTON, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Augusta State Medical Prison, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Johnson State Prison in Wrightsville, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

Upon initial review, the Court directed Plaintiff to submit an amended complaint. (See doc. no. 15.) In particular, the original complaint did not satisfy the dictates of Federal

Rule of Civil Procedure 8(a) in that Plaintiff had named eighteen Defendants covering a range of prison officials from the entire Department of Corrections, including wardens, counselors, correctional officers, and workers in the business office, mail room and library, without including specific allegations of wrongdoing. (See generally doc. no. 1.) In addition, Plaintiff had improperly asked the Court to "suggest what entity" should be the focus of certain claims, and the poor copy quality of the complaint transferred from the Middle District of Georgia made it impossible to decipher exactly what Plaintiff may be attempting to allege. (See id. at 17; see also doc. no. 15, pp. 2-3.)

The Court cautioned Plaintiff that failing to submit a timely amended complaint in accordance with the instructions in the January 14, 2019 Order would result in a recommendation for dismissal of this action, without prejudice. (Doc. no. 15, p. 6.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's January 14th Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable

promptness." Loc. R. 41.1(c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

    Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned Plaintiff that a failure to respond would be an election to have his case voluntarily dismissed.  Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

    In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's January 14, 2019 Order.  Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

    SO REPORTED and RECOMMENDED this 26th day of February, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA